IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| CAREY ROSS, | : |
| Plaintiff, | : |
| VS. | : |
| | : **7 : 11-CV-94 (HL)** |
| OFFICER O'BRIEN[1], et al., | : |
| Defendants. | : |

## RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. ▪ 1983 are motions to dismiss filed by the Defendants, as well as Plaintiff's Motion for Temporary Restraining Order. (Docs. 13, 27, 28). The Plaintiff filed this action on July 13, 2011, raising allegations of deliberate indifference to a serious medical need while confined at Valdosta State Prison. (Doc. 1).

*Motion for Temporary Restraining Order*

In his Motion for Temporary Restraining Order, the Plaintiff seeks an order compelling the Defendants to refrain from verbal abuse and physical beatings of the Plaintiff. (Doc. 27). In order to obtain injunctive relief, the Plaintiff must prove that: (1) there is a substantial likelihood that he will prevail on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest. *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 909

---

[1] Defendants point out that Plaintiff is presumably referring to "Officer O'Brien" when he refers to "Officer O'Brain", as no one named "O'Brain" is employed at Valdosta State Prison. (Doc. 13-1, n. 2).

F.2d 480, 483 (11th Cir. 1990); *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985).   Injunctive relief will not issue unless the conduct at issue is imminent and no other relief or compensation is available.   *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987).

A review of the Plaintiff's motion reveals an inadequate basis for the issuance of an injunctive order.   Plaintiff has not established that he is entitled to injunctive relief in regard to his requests, i.e., that there is a substantial likelihood of success on the merits and resulting irreparable harm, or that no other relief is available to address his alleged injuries. Accordingly, it is the recommendation of the undersigned that Plaintiff's Motion for Temporary Restraining Order be **DENIED**.

*Motions to Dismiss*

Defendants have filed motions to dismiss, alleging in part that Plaintiff has failed to exhaust administrative remedies in regard to his claims.   (Docs. 13, 28).   A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level"   *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."   A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.   The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

2

In regard to exhaustion of administrative remedies, the Prison Litigation Reform Act ("PLRA") mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a). In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. *Moore v. Smith*, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA). "An inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical procedural rules before exhaustion is proper. Thus, if an inmate has filed an 'untimely or otherwise procedurally defective administrative grievance or appeal', he has not properly exhausted his administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 89-92 (2006).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then

> proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

A review of the factual allegations in the Defendants' motions and the Plaintiff's response reveals a conflict. Plaintiff asserts that he filed an informal grievance regarding his deliberate indifference claims on June 26, 2011, which was denied on June 28, 2011, but that when he requested an "appeal form from his counselor . . . he told me that no forms were available. When [sic] your Informal grievance have [sic] been rejected. [I] requested the form several more times from the counselor's, Warden Danforth an [sic] Deputy Warden Orr, but I did not receive the form. The appeal form was never giving [sic] to me." (Doc. 33). Defendants assert that although Plaintiff filed an informal grievance regarding the deliberate indifference claim, he did not file a formal grievance and thus failed to exhaust these claims. Accepting Plaintiff's allegations as true, Plaintiff's claim is not subject to dismissal pursuant to the first step of the *Turner* analysis. In accordance with the second step, the Court must now make specific findings in order to resolve the disputed factual issues.

The Defendants establish, by means of the affidavit testimony of Ted Philbin, the Deputy Warden of Care and Treatment at Valdosta State Prison, that a grievance system was in place at Valdosta State Prison at the time of the incidents underlying this lawsuit. (Doc. 13-2). The Defendants contend, supported by the affidavit testimony of Mr. Philbin, that Plaintiff failed to file a formal grievance regarding the deliberate indifference claim underlying this lawsuit. *Id.* at ¶¶ 23, 25. According to the Defendants, Plaintiff filed an informal grievance on June 26, 2011, alleging that he had not received medical care for injuries

incurred while working in the prison kitchen.   This grievance was rejected as untimely filed.  According to the grievance records produced by the Defendants, Plaintiff filed only an informal grievance in regard to his deliberate indifference claim.

Although it is not necessary for a prisoner plaintiff to identify any particular defendant in a grievance in order to properly exhaust his claims, exhaustion of the grievance system by means of filing some form of proper grievance is required.   *Parzyck v. Prison Health Services, Inc.*, 627 F.3d 1215, 1218 (11th Cir. 2010) (citing *Jones v. Bock*, 549 U.S. 199, 219 (2007)); *Brown v. Sikes*, 212 F.3d 1205, 1210 (11th Cir. 2000) (holding that the PLRA "requires a prisoner to provide in his administrative grievance as much relevant information about his claims, including the identity of those directly involved in the alleged deprivations, as the prisoner reasonably can provide."  It is undisputed herein that the Plaintiff failed to file any further challenges to the denial of his informal grievance regarding the events underlying his claim.

Furthermore, the facts establish that the Plaintiff failed to file or pursue any type of out-of-time grievance regarding the events underlying this lawsuit.   *Bryant v. Rich*, 530 F.3d 1368, 1379 (11th Cir. 2008) (recognizing that plaintiff "could have filed an out-of-time grievance and then shown good cause for its untimeliness.   Because he did not, [the plaintiff] failed to exhaust an administrative remedy that was available to him."

Although the Plaintiff contends that "appeal forms" were not given to him upon request in regard to the denial of his informal grievance, the grievance procedure allowed out-of-time grievances if requested and supported by a showing of good cause. (Doc. 13-3, S.O.P. IIB05-0001, VI. C. 2).   There is no indication that the Plaintiff ever sought to file an

out-of-time grievance, leaving his claims unexhausted. *Porter v. Sightler*, 457 Fed.Appx. 880, 881 (11th Cir. 2012) (finding no evidence that Plaintiff ever requested or was granted a good-cause waiver for untimely filing of informal grievance, leaving administrative remedies unexhausted); *Mason v. FNU Bridger*, 261 Fed.Appx. 225, 229 (11th Cir. 2008) (although plaintiff alleged grievances were not available to him in lock-down status, he could have filed out-of-time grievance upon a showing of good cause; failure to do so rendered claims unexhausted).

Upon review of the evidence submitted as to exhaustion of Plaintiff's claims, the Court finds that the Defendants have established that the Plaintiff failed to complete the administrative grievance process, and the Plaintiff has failed to rebut this showing. Although the Plaintiff contends that he was denied appeal forms, in order to demonstrate that administrative remedies were unavailable, the Plaintiff must point to specific facts showing that officials prohibited or blocked his use of the grievance process. *Miller v. Tanner*, 196 F.3d 1190, 1194 (11th Cir. 1999) (inmate was not required to file an appeal after being told unequivocally, and in writing, that appeal was precluded; plaintiff produced memorandum denying grievance and informing plaintiff that no appeal was available); *Turner*, 541 F.3d at 1085 (prison official's serious threats of retaliation against an inmate for pursuing a grievance render administrative remedies unavailable). Plaintiff has failed to point to specific facts showing that officials prohibited or blocked his use of the grievance process, as Plaintiff was not entitled to appeal forms until after a formal grievance was filed and denied.

The Court notes that the grievance policy in place at Valdosta State Prison did not provide for an "appeal" or "appeal form" following the denial of an informal grievance.

6

(Doc. 13-3).   The policy references a "Grievance Appeal Form", but said form is only available after the formal grievance procedure has been completed.   *Id.* at   IIB05-0001, § VI. D. 1.   "Federal courts have only excused inmates from complying with [grievance] procedures when officials have prevented prisoners from utilizing the procedures, or when officials themselves have failed to comply with the grievance procedures.   An inmate's subjective belief that the procedures were not applicable to [particular] grievances does not matter and is not determinative."   *Priester v. Rich*, 457 F.Supp.2d 1369, 1373 (S.D.Ga. 2006) (internal citations omitted); *affirmed by Bryant v. Rich*, 530 F.3d 1368 (11th Cir. 2008).   The Plaintiff's inability to obtain "appeal forms" for the denial of his informal grievance does not appear to be the result of officials blocking Plaintiff's access to the grievance system, but was a denial of Plaintiff's request for something that did not exist in the grievance system.   There is no indication herein that Plaintiff's access to the grievance process was actually prohibited by prison officials, by means of threat or otherwise.   Plaintiff asked for an appeal form after his informal grievance was denied, when what he was required to do was to first file a formal grievance.

      Plaintiff's grievance history shows that Plaintiff did file formal grievances regarding other claims at Valdosta State Prison.   The filing of these grievances evidences Plaintiff's awareness and utilization of the grievance procedure at the prison.   *See Gould v. Donald*, 2009 WL 1606520 *5 (M.D.Ga) (CDL) (plaintiff was well aware of prison grievance policy as he had filed multiple grievances while imprisoned in Georgia prison system).

      The Court finds that the Plaintiff has not exhausted the deliberate indifference claim underlying this lawsuit, in that, he has not utilized available remedies to grieve the alleged

offenses of the Defendants. The affidavit testimony in support of the motions to dismiss establishes the presence of a grievance system at Valdosta State Prison and establishes that the Plaintiff failed to exhaust the grievance system regarding the events in question during his confinement at Valdosta State Prison. The evidence before the Court shows that Plaintiff did not properly pursue and exhaust the grievance procedure, leaving administrative remedies unexhausted. The PLRA "requires proper exhaustion." *Woodford*, 548 U.S. at 92. In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must comply with any administrative "deadlines and other critical procedural rules" in place. *Id.* The Court finds that the Defendants have met their burden to establish that the Plaintiff failed to exhaust his administrative remedies.

Accordingly, it is the recommendation of the undersigned that the Defendants' motions to dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations issued herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 30th day of July, 2012.

s/ *THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**